STATE OF VERMONT

SUPERIOR COURT
Washington Unit

2015 OCT -5 A 9: 47

CIVIL DIVISION
Docket No. 42-1-14 Wncv

William McLaughlin
    Plaintiff

v.

FILED

Andrew Pallito, Commissioner,
Vermont Department of Corrections
    Defendant

## ENTRY
## Mr. McLaughlin's Motion to Reconsider

Inmate William McLaughlin seeks reconsideration of the court's June 26, 2015 ruling that this case has become moot and thus should be dismissed. He acknowledges the court's rejection of any argument that this case is capable of repetition that evades review but argues that the DOC's mere voluntary cessation of illegal conduct does not moot this case.

At the inception of this case, Mr. McLaughlin had been in administrative segregation for several months. He claimed that the DOC had violated his due process rights and failed to follow its own policies and sought to be released from segregation. He eventually was transferred from the out-of-state facility in which he was segregated to a different out-of-state facility, where he was released to the general population. Neither party notified the court that he had obtained the relief sought in this case, and Mr. McLaughlin filed a motion for summary judgment.

The summary judgment filings revealed that Mr. McLaughlin originally was segregated for disciplinary reasons. However, several hearings on those charges did not result in a conviction due to procedural lapses as determined by the DOC itself. At some point, his disciplinary segregation became administrative segregation. The record documents the fact of numerous "reviews" throughout the course of that segregation. Mr. McLaughlin argued in court that the course of the DOC's conduct violated his rights and sought release from segregation or a hearing that complied with his rights. The DOC maintained that Mr. McLaughlin was segregated because he needed to be placed in a more secure facility and was awaiting a transfer.

The court never resolved whether any rights of Mr. McLaughlin's had been violated and if they had been what relief might have been warranted. If in fact Mr. McLaughlin was simply being segregated because his risk-level was too high for the facility he was in, nothing in the record ever explained why it took so long to transfer him to an appropriate facility. The factual record was so confused and incomplete that the court denied summary judgment for that reason alone.

In any event, he was transferred to a different, presumably more secure, facility and there was released from segregation. He then sought to amend the complaint to seek declaratory rather than injunctive relief. The State sought dismissal on mootness grounds. Mr. McLaughlin opposes dismissal, however, citing the voluntary-cessation doctrine, which applies, generally, when a defendant claims to have ceased the objectionable practice and then claims that there no longer is any basis for relief—obviously a practice that could be abused.

Under the voluntary-cessation doctrine, "[t]he central question continues to be whether it is appropriate for a court to resolve the issues and enter a judgment." Wright and Miller, et al., 13C Federal Practice and Procedure: Jurisdiction 3d § 3533.5. The inquiry requires the court to predict "the probability of recurrence, the magnitude of any injury that would result, and the feasibility of preventing any injury by a future suit." *Id.* Closely related to that inquiry is the court's remedial discretion: "the court may exercise its remedial discretion to deny any present remedy." *Id.*

Mr. McLaughlin claims that the heavy burden of showing mootness in these circumstances is on the DOC. See *All Cycle, Inc. v. Chittenden Solid Waste Dist.*, 164 Vt. 428, 434 (1995). The burden is on the plaintiff, however, to show that "the need for a decree persists." Wright and Miller, et al., 13C Federal Practice and Procedure: Jurisdiction 3d § 3533.7.

This does not appear to be a voluntary-cessation case. According to the DOC, the natural course of events simply overtook the need for a judgment. When they did, the DOC sought dismissal. In any event, Mr. McLaughlin concedes that there is no need for injunctive relief at this point and there is no damages claim. He purports to seek declaratory relief solely to "vindicate the rights of solitary confined prisoners" as a general matter. Plaintiff McLaughlin's Opposition to Dismissal at 1 (filed May 12, 2015). Yet, he cannot advance the claims of others, and merely recharacterizing the relief he seeks as declaratory rather than injunctive is insufficient to show that there is any need for a remedy at this time.

As the court already has pointed out, if he should come to believe in the future that he is being segregated in violation of his rights, he can raise the matter then in the context of those circumstances. There is no indication that pressing forward with this case to judgment would have any effect on his ongoing relationship with the DOC or would avoid any such future case. If the need arises in the future, Mr. McLaughin can file a new suit. There is no apparent need for a judgment at this time. This case is moot.

### ORDER

For the foregoing reasons, Mr. McLaughlin's motion for summary judgment is *denied*.

Dated this 30th day of September, 2015.

Mary Miles Teachout
Superior Judge

2